DAVID H. CRAWFORD *vs.* ROBERT L. KENT, INC.
(and a companion case[1]).

Suffolk. April 6, 1960. — June 3, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Discrimination. Dancing School. Education. Words,* "Educational purposes."

A dancing school operated as a business for profit warrantably could be found, within G. L. c. 272, § 92A, as amended through St. 1953, c. 437, not to be operated for "educational purposes" and to be a "place of public accommodation, resort or amusement." [126]

The words "educational purposes" in G. L. c. 272, § 92A, as amended through St. 1953, c. 437, have their ordinary meaning. [126]

Two ACTIONS OF TORT. Writs in the Municipal Court of the City of Boston dated May 28, 1957 and May 7, 1957.

The actions were heard by *Barron, J.*

*G. Bruce Robinson,* for the plaintiff.

No argument nor brief for the defendants.

WILKINS, C.J. In order to receive dancing lessons, the plaintiff presented himself at the studio where the corporate defendant conducted a dancing school. The individual defendant, who was the manager, as well as president and treasurer, refused the plaintiff lessons because of his color. These two actions of tort seek recovery, as provided in G. L. c. 272, § 98 (as amended through St. 1950, c. 479, § 3),[2]

---

[1] The companion case is by the same plaintiff against Robert Kent.

[2] "Whoever makes any distinction, discrimination or restriction on account of religion, color or race, except for good cause applicable alike to all persons of every religion, color and race, relative to the admission of any person to, or his treatment in, any place of public accommodation, resort or amusement, as defined in section ninety-two A of chapter two hundred and seventy-two . . . shall forfeit to any person aggrieved thereby not less than one hundred nor more than five hundred dollars; but such person so aggrieved shall not recover against more than one person by reason of any one act . . . ."

because of discrimination in a "place of public accommodation, resort or amusement," as defined in G. L. c. 272, § 92A (as amended through St. 1953, c. 437). The trial judge found in substance that the dancing school, known as Fred Astaire Dance Studios of Boston, was a business operated for profit. She ruled that it was not operated for "educational purposes," so as to fall within an exception created by § 92A.[1] Findings for the plaintiff were vacated by the Appellate Division, which ordered the entry of findings for the defendants. The plaintiff appealed.

The opinion of a majority of the Appellate Division reached the conclusion that, as matter of law, the defendant corporation was an organization operated for educational purposes. We think that this was error, and that the findings of the trial judge must be reinstated. An "organization operated for . . . educational purposes" within the meaning of the statute must be "educational" in the ordinary sense. In *Kurz* v. *Board of Appeals of No. Reading, ante,* p. 110, we have held that "educational use" within the local zoning by-law did not include a commercial enterprise providing instruction in dancing. In the cases at bar there was evidence, which we need not recite, which warranted the trial judge's findings.

The orders of the Appellate Division must be reversed and judgments entered for the plaintiff in accordance with the findings of the Municipal Court.

*So ordered.*

---

[1] "[N]o place shall be deemed to be a place of public accommodation, resort or amusement which is owned or operated . . . by any organization operated for charitable or educational purposes."